

# Notice of Service of Process

**RXT / ALL**
Transmittal Number: 23354106
Date Processed: 06/16/2021

| | |
|---|---|
| **Primary Contact:** | Jen Majic<br>UNUM<br>2211 Congress Street<br>Portland, ME 04122-0002 |
| **Electronic copy provided to:** | Janna Thomas<br>Judy Drake |
| **Entity:** | UNUM Life Insurance Company Of America<br>Entity ID Number  2979591 |
| **Entity Served:** | Unum Life Insurance Company of America |
| **Title of Action:** | Blaire McElroy vs. Unum Life Insurance Company of America |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Jefferson County Circuit Court, KY |
| **Case/Reference No:** | 2I-CI-0033TQ |
| **Jurisdiction Served:** | Kentucky |
| **Date Served on CSC:** | 06/14/2021 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Eltzabeth A. Thornsbury<br>859-225-3731 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **21-CI-003310**<br>Court:  **CIRCUIT**<br>County: **JEFFERSON Circuit** |

*Plantiff,* **MCELROY, BLAIRE VS. UNUM LIFE INSURANCE COMPANY OF AMERICA,** *Defendant*

TO: **CORPORATION SERVICE COMPANY**
    **421 WEST MAIN STREET**
    **FRANKFORT, KY 40601**

Memo: Related party is UNUM LIFE INSURANCE COMPANY OF AMERICA

The Commonwealth of Kentucky to Defendant:
**UNUM LIFE INSURANCE COMPANY OF AMERICA**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*/s/ David L. Nicholson*
Jefferson Circuit Clerk
Date: **6/8/2021**

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____        Served By _____

                                 Title _____

Summons ID: 355021024114978@00000975844
CIRCUIT: 21-CI-003310 Certified Mail
MCELROY, BLAIRE VS. UNUM LIFE INSURANCE COMPANY OF AMERICA



Page 1 of 1
Appendix to Notice of Removal

eFiled



Package : 000003 of 000012

Filed          21-CI-003310    06/08/2021        David L. Nicholson, Jefferson Circuit Clerk

COMMONWEALTH OF KENTUCKY
JEFFERSON CIRCUIT COURT
CIVIL ACTION NO. _____
*Electronically Filed*

BLAIRE MCELROY                                                                PLAINTIFF

vs.                                    **COMPLAINT**

UNUM LIFE INSURANCE COMPANY OF AMERICA                                        DEFENDANT

    **To be served through:**
    Corporation Service Company
    421 West Main Street
    Frankfort, Kentucky 40601

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Comes the Plaintiff, Blaire McElroy, and for her Complaint against Defendant Unum Life Insurance Company of America, states as follows:

1. Plaintiff Blaire McElroy is a citizen and resident of Jefferson County, Kentucky.

2. Defendant Unum Life Insurance Company of America ("Unum") is an insurance company believed to be domiciled in the state of Maine, where it is a citizen and resident, with a statutory home office located at 2211 Congress Street, Portland, Maine 04122.

3. Unum is authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority.

4. Unum's service of process agent is Corporation Service Company, located at 421 West Main Street, Frankfort, Kentucky 40601, and Unum may be served upon said service of process agent.

5. Jurisdiction and venue are proper in this Court because Defendant transacts business and caused damages in the Commonwealth of Kentucky, and Plaintiff resides in, and was caused harm in, Jefferson County, Kentucky.



6. At the time of the circumstances giving rise to this lawsuit, Plaintiff was an employee of Norton Healthcare, Inc. employed as a Critical Care Recovery Registered Nurse.

7. Norton Healthcare, Inc. established and provided a long-term disability ("LTD") Plan to employees, which includes Plaintiff. The LTD policy number is believed to be 604657 001.

8. Plaintiff was covered and eligible under the LTD Plan.

9. The LTD Plan entitles employees to a percentage of their predisability earnings upon satisfaction of the terms of the policy.

10. The LTD policy is believed to define disability and entitle Plaintiff to receive LTD benefits if Plaintiff meets the following definition:

> **HOW DOES UNUM DEFINE DISABILITY FOR THE FIRST 24 MONTHS OF PAYMENTS?**
>
> **Group 1**
> You are disabled when Unum determines that due to your **sickness** or **injury**:
>
> 1. You are unable to perform the **material and substantial duties** of your **regular occupation** and are not working in your regular occupation or any other occupation
>
> or,
>
> 2. You are unable to perform one or more of the material and substantial duties of your regular occupation, and you have a 20% or more loss in your **indexed monthly earnings** while working in your regular occupation or in any occupation.
>
> You must be under the regular care of a physician in order to be considered disabled.
>
> The loss of a professional or occupational license or certification does not, in itself, constitute disability.
>
> **HOW DOES UNUM DEFINE DISABILITY AFTER 24 MONTHS OF PAYMENTS?**
>
> **Group 1**

> You are disabled when Unum determines that due to the same sickness or injury:
>
> You are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience.
>
> You must be under the regular care of a physician in order to be considered disabled.
>
> The loss of a professional or occupational license or certification does not, in itself, constitute disability.[1]

11. Defendant has a responsibility for payment of any disability benefits due according to the terms and conditions of the LTD policy.

12. Plaintiff, while working for Norton Healthcare, Inc., became disabled under the terms of the LTD policy, which disability arose after the Effective Date of the LTD policy, and she was unable to return to work as a Critical Care Recovery Registered Nurse for Norton Healthcare, Inc. since on or about March 20, 2020, and remains disabled under the terms of the LTD policy.

13. Prior to her last date of work, Plaintiff was on a reduced work schedule since on or about December 19, 2019.

14. Plaintiff timely and properly submitted a claim to Defendant, consistent with the terms of the LTD policy. Plaintiff's LTD claim number is believed to be 17778731.

15. Prior to receiving LTD benefits, Plaintiff received short-term disability benefits from Defendant through exhaustion.

16. After Plaintiff's claim was scheduled to transition into LTD benefits, Defendant denied Plaintiff's claim for LTD benefits under the policy by letter dated August 26, 2020.

17. On or about October 20, 2020, Plaintiff timely and properly appealed the denial of her LTD benefits, in the manner set forth in the applicable policy.

---

[1] Emphasis in original.



18. In her appeal, Plaintiff submitted additional medical documentation and other information supporting her ongoing disability.

19. By letter dated March 15, 2021, Defendant upheld the denial of Plaintiff's claim for LTD benefits.

20. The March 15, 2021, letter states that Plaintiff has "a right to bring a civil suit under section 502 (a) of the Employee Retirement Income Security Act of 1974."

21. Plaintiff is entitled to payment of LTD benefits, as Plaintiff meets the definition of "disability" under the terms of the applicable policy, and Defendant should be required to perform under its contract and pay benefits to Plaintiff.

22. The LTD insurance is an employee benefit governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

23. Plaintiff has timely and properly exhausted any required administrative remedies and appeals.

## COUNT I

24. Plaintiff incorporates by reference all of the preceding paragraphs as if fully stated herein.

25. This count is brought under ERISA pursuant 29 U.S.C. § 1132(a)(1)(B) as a result of Defendant's improper denials of benefits under the applicable plan(s) and to recover benefits under the terms of the plan(s).

26. Defendant's decisions to terminate benefits, and its refusal to reinstate benefits after receiving additional evidence on appeal, were wrong, arbitrary and capricious, against the evidence provided to Defendant, and a breach of fiduciary duty, all of which entitles Plaintiff to benefits under the terms of the plan, interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and (g).

27. Defendant has an inherent conflict of interest because it not only is the entity responsible for paying benefits to Plaintiff, but it is also the entity that makes the determination of whether Plaintiff qualifies for those benefits.

28. Defendant employed doctors to review Plaintiff's claim and used these file review reports to support its denials of benefits. The doctors employed by Defendant did not examine or speak with Plaintiff.

29. Despite Defendant's authority to have Plaintiff examined under the terms of the policy, Defendant did not examine Plaintiff.

30. Defendant disregarded the objective medical evidence submitted by Plaintiff on appeal.

31. Defendant's review process lacked due process to Plaintiff.

32. Defendant's review process was biased in favor of Defendant.

33. Defendant's internal review is not subject to abuse of discretion review, and Plaintiff's claim should be reviewed *de novo*.

34. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff demands the following relief:

Judgment against Defendant for full contractual benefits under 29 U.S.C. § 1132(a)(1)(B) and attorney's fees and interest under 29 U.S.C. § 1132(g) pursuant to ERISA.



Filed          21-CI-003310          06/08/2021          David L. Nicholson, Jefferson Circuit Clerk

Respectfully submitted:

*/s/ Elizabeth A. Thornsbury*
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
M. AUSTIN MEHR
Email: amehr@austinmehr.com
**Mehr, Fairbanks & Peterson**
**Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Counsel for Plaintiff*

Filed 21-CI-003310 06/08/2021 David L. Nicholson, Jefferson Circuit Clerk

**AOC-104**
Doc. Code: CCCS
Rev. 12-20
Page 1 of 1

**Commonwealth of Kentucky**
**Court of Justice** www.kycourts.gov

**CIVIL CASE COVER SHEET**

Case No. _____
Court Circuit
County Jefferson
Division _____

Blaire McElroy — **PLAINTIFF/PETITIONER**

VS.

Unum Life Insurance Company of America — **DEFENDANT/RESPONDENT**

☐ Check here if **YOU DO NOT HAVE AN ATTORNEY** and are **REPRESENTING YOURSELF** (a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**DOMESTIC RELATIONS**
☐ Dissolution/Divorce with Children (DISSO)
☐ Dissolution/Divorce without Children (DISSO)
☐ Paternity (PA)
☐ Custody (CUSTO)
☐ URESA/UIFSA (UR)
☐ Visitation/Parenting Time (VISIT)
☐ Voluntary Termination of Parental Rights (TPR)
☐ Involuntary Termination of Parental Rights (TPR)
☐ Adoption (ADPT)
☐ Other: (DFOTH) _____

**PROBATE / ESTATE**
☐ Guardianship-Adult (GCADLT)
☐ Guardianship-Juvenile (GCJUV)
☐ Guardianship-Conservatorship (CONSVA)
☐ Probate-Testate (with a will) (PB)
☐ Probate-Intestate (without a will) (PB)
☐ Petition to Dispense with Administration (PB)
☐ Name Change (NC)
☐ Other: (PBOTH) _____

**BUSINESS / COMMERCIAL**
☐ Business Tort (BCPI)
☐ Statutory Action (BCSA)
☐ Business Contract Dispute (BCCO)
☐ Other: (BCOTH) _____

**TORT (Injury)**
☐ Automobile (AUTO)
☐ Intentional (INTENT)
☐ Malpractice-Medical (MDML)
☐ Malpractice-Other (MLOTH)
☐ Premises Liability (PREM)
☐ Product Liability (PROD)
☐ Property Damage (PD)
☐ Slander/Libel/Defamation (SLAND)
☐ Other: (PIOTH) _____

**REAL PROPERTY**
☐ Property Rights (PR)
☐ Condemnation (DOMAIN)
☐ Forcible Detainer (Eviction) (FD)
☐ Forcible Entry (FENTRY)
☐ Foreclosure (FCL)
☐ Other: (COOTH) _____

**EMPLOYMENT**
☐ Employment-Discrimination (DSCR)
☐ Employment-Other (DISPU)

**CONSUMER**
☐ Seller Consumer Goods (DEBTG)
☐ Seller Consumer Services (DEBTS)
☐ Buyer Consumer Goods (BUYERG)
☐ Buyer Consumer Services (BUYERS)
☐ Credit Card Debt (CREDIT)
☐ Fraud (FRAUD)
☐ Other: (COOTH) _____

**APPEALS**
☐ Appeal from Administrative Agency (AB)
☐ Appeal from District Court (XI)
☐ Other: (OTH) _____

**MISC CIVIL**
☐ Habeas Corpus (HABEAS)
☐ Non-Domestic Relations Restraining Order (IP)
☐ Tax (TAX)
☐ Writs (WRITS)
☒ Other: (OTH) Employee benefits/insurance

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Filed 21-CI-003310 06/08/2021 David L. Nicholson, Jefferson Circuit Clerk

Package : 000011 of 000012

Appendix to Notice of Removal



## KCOJ eFiling Cover Sheet

Case Number: 21-CI-003310

Envelope Number: 3550210

Package Retrieval Number: 355021024114978@00000975844

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 12.71

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

David L. Nicholson, Jefferson Circuit Clerk
600 West Jefferson Street
Louisville, KY 40202-4731



**USPS CERTIFIED MAIL**

9236 0901 9403 8341 8713 05

Restricted Delivery

CORPORATION SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT, KY 40601

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)





Appendix to Notice of Removal